885 F.2d 864
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Constance D. ALSTON, Plaintiff-Appellant,
v.
TOWN OF CHAPEL HILL, NORTH CAROLINA, James C. Wallace, as
Mayor of the Town of Chapel Hill, Herman Stone,
individually, and as Chief of Police of the Police
Department of the Town of Chapel Hill, Chapel Hill Police
Department, William E. Round, individually, and as a Police
Officer in the Chapel Hill Police Department, William Frick,
individually, and as a Police Officer in the Chapel Hill
Police Department, Defendant-Appellee.
 No. 88-2933.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1989.
Decided Sept. 15, 1989.
 
 Romallus Olga Murphy, Sr. for appellant.
 William Watts Walker (Craige, Brawley, Liipfert & Ross on brief) for appellee.
 Before ERVIN, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Appellant, Constance D. Alston, was arrested by Chapel Hill Police Officer William Rounds on June 4, 1986, in the town's Lakeforest subdivision. Alston and her co-worker, Roland Adupoku, were stopped after Evelyn Mackey, a local resident, reported that a "suspicious black couple" was going door to door in the neighborhood. Since Lakeforest had been the scene of a number of recent day-time break-ins, Mackey apparently thought the pair might be "casing" the neighborhood. Alston and Adupoku were in fact delivering copies of The Village Advocate, a newsprint classified advertising circular. Rounds stopped Alston and Adupoku upon observing that they met Mackey's description and questioned them about their presence in the neighborhood. Due to a mistake at The Advocate 's offices, Rounds had previously been informed that no adults were delivering for the paper in the Lakeforest area. Thus when Alston and Adupoku explained that they were delivering newspapers, Rounds became suspicious and asked to see their drivers licenses. Adupoku complied with the request but Alston refused. Rounds then arrested her for refusing to present her license in violation of N.C.Gen.Stat. Sec. 20-29, and for obstructing an ongoing investigation in violation of N.C.Gen.Stat. Sec. 14-223. Alston was released later that day and the charges against her were eventually dropped.
 
 
 2
 Alston then sued the Town of Chapel Hill pursuant to 42 U.S.C. Sec. 1983 alleging that the stop and arrest violated rights secured by the Constitution and laws of the United States and North Carolina. The district court granted summary judgment in favor of the town after finding that, given Mackey's report to the Police Department and the mistaken information supplied by The Advocate, Rounds acted reasonably in stopping Alston. The district court also found that Alston's refusal to identify herself provided probable cause for her arrest.
 
 
 3
 As the district court commented, this incident was indeed unfortunate and we understand the anger which Alston apparently felt as a result of the circumstances. Nevertheless, the district court's determination was correct and we affirm on the basis of its opinion. Alston v. Chapel Hill, Civ. No. C-87-358-D (M.D.NC Sep. 8, 1988).
 
 
 4
 AFFIRMED.